

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Case No. 13-CR-120

PAUL D. CASE,

    Defendant.

## PLEA AGREEMENT

1.    The United States of America, by its attorneys, James L. Santelle, United States Attorney for the Eastern District of Wisconsin, and Benjamin W. Proctor, Assistant United States Attorney, and the defendant, Paul D. Case, individually and by attorney Robin Shellow, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2.    The defendant has been charged in a two count superseding indictment, which alleges violations of Title 18, United States Code, Sections 2252(a)(2) and 2252(a)(4)(B).

3.    The defendant has read and fully understands the charges contained in the superseding indictment. He fully understands the nature and elements of the crimes with which he has been charged, and those charges and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4.    The defendant voluntarily agrees to plead guilty to the following count set forth in full as follows:

## COUNT TWO
## THE GRAND JURY FURTHER CHARGES:

3. On or about March 31, 2013, in the State and Eastern District of Wisconsin, the defendant,

**PAUL D. CASE**

knowingly possessed matter that contained images of child pornography, as defined in Title 18, United Sates Code, Section 2256(8), that had been mailed, shipped, and transported using a means and facility of interstate and foreign commerce and affecting interstate and foreign commerce; and that was produced using materials that had been mailed, shipped, and transported by a means of interstate and foreign commerce, including by computer.

4. The child pornography possessed by the defendant included videos identified by the following partial file names:

| Partial File Name | Description |
| --- | --- |
| ...882457600.avi | A 21 minute, 24 second video depicting, among other things, a naked prepubescent minor girl with a naked adult male; the adult male rubs his erect penis against the minor girl's vagina. |
| ...428478976.avi | A 4 minute, 6 second video depicting, among other things, an adult male performing penis to anus intercourse with a minor boy. |
| ...95593216.avi | A 16 minute, 41 second video depicting, among other things, a prepubescent minor girl having oral and penis to vagina sexual intercourse with an adult male, and later the adult male inserting an object into the minor girl's anus. |
| ...91914752.avi | An 11 minute, 31 second video depicting, among other things, an adult male performing penis to vagina sexual intercourse with a prepubescent minor female. |
| ...83934208.avi | A video depicting, among other things, a minor girl masturbating and later performing oral and penis to vagina sexual intercourse with an adult male. |
| ...75672832.avi | A 20 minute, 6 second video depicting, among other things, a prepubescent minor girl performing oral fellatio on a dog; and later the prepubescent minor girl |

2

| Partial File Name | Description |
|---|---|
|  | performing oral fellatio on an adult male while her arms and legs are bound by rope. |
| …2963788.avi | An 8 minute, 39 second video depicting, among other things, an adult male performing penis to vagina sexual intercourse with a prepubescent minor girl. |

All in violation of Title 18, United States Code, Section 2252(a)(4)(B).

5. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the facts in Attachment A beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt. This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

## PENALTIES

6. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum term of imprisonment and fine: 20 years imprisonment and a $250,000.00 fine. The count also carries a mandatory minimum of 10 years of imprisonment. The count also carries a mandatory special assessment of $100, at least 5 years of supervised release, and a maximum of life on supervised release. The parties further recognize that a restitution order may be entered by the court.

7. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

3

## DISMISSAL OF REMAINING COUNT

8. The government agrees to move to dismiss the remaining count of the superseding indictment at the time of sentencing.

## ELEMENTS

9. The parties understand and agree that in order to sustain the charge of possession of child pornography as set forth in Count Two, the government must prove each of the following propositions beyond a reasonable doubt:

> First, that the defendant possessed a computer hard drive containing child pornography;
>
> Second, that the defendant knew there were images of child pornography on the computer hard drive; and
>
> Third, that the child pornography, or matter on which it is contained, had been mailed, shipped, or transported in interstate or foreign commerce, or was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means including by computer.

## SENTENCING PROVISIONS

10. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

11. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

12. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in paragraph 4.

4

The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

13. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

## Sentencing Guidelines Calculations

14. The parties acknowledge, understand, and agree that the sentencing guidelines calculations included in this agreement represent the positions of the parties on the appropriate sentence range under the sentencing guidelines. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

15. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

5

### Base Offense Level

16. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in Count Two is 18 under Sentencing Guidelines Manual §2G2.2(a)(1).

### Specific Offense Characteristics

17. The parties acknowledge and understand that the government may recommend to the sentencing court that a 2-level increase for material involving a prepubescent minor is applicable under Sentencing Guidelines Manual §2G2.2(b)(2); a 2-level increase for distribution is applicable under §2G2.2(b)(3)(F); a 4-level increase for material that portrays sadistic or masochistic conduct is applicable under §2G2.2(b)(4); a 2-level increase for use of a computer is applicable under §2G2.2(b)(6); and a 5-level increase for more than 600 images is applicable under §2G2.2(b)(7)(C) to the offense level for the offense charged in Count Two. The parties acknowledge and understand that the defendant may not join in these recommendations.

### Acceptance of Responsibility

18. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

### Sentencing Recommendations

19. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but

not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

20. Both parties reserve the right to make any recommendation regarding any other matters not specifically addressed by this agreement.

21. The parties agree to jointly recommend a sentence of 120 months imprisonment, which is the statutory minimum for the offense.

### Court's Determinations at Sentencing

22. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

23. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

### FINANCIAL MATTERS

24. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant agrees not to request any delay or stay in payment of any and all financial obligations.

25. The defendant agrees to provide to the Financial Litigation Unit (FLU) of the United States Attorney's Office, upon request of the FLU during any period of probation or

supervised release imposed by the court, a complete and sworn financial statement on a form provided by FLU and any documentation required by the form.

### Special Assessment

26. The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

### Restitution

27. The defendant agrees to pay restitution as may be ordered by the court. The defendant understands that because restitution for the offense is mandatory, the amount of restitution shall be imposed by the court regardless of the defendant's financial resources. The defendant agrees to cooperate in efforts to collect the restitution obligation. The defendant understands that imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action.

### Forfeiture

28. The defendant agrees that the properties listed in the superseding indictment were used to facilitate such offense to which he is pleading guilty. The defendant agrees to the forfeiture of these properties and to the immediate entry of a preliminary order of forfeiture. The defendant agrees that he has an interest in each of the listed properties. The parties acknowledge and understand that the government reserves the right to proceed against assets not identified in this agreement.

### DEFENDANT'S WAIVER OF RIGHTS

29. In entering this agreement, the defendant acknowledges and understands that in so doing he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

8

a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

30. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the

9

defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

31. The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

32. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

### Further Civil or Administrative Action

33. The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement, including any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

### MISCELLANEOUS MATTERS

34. Pursuant to 18 U.S.C. § 3583(d), the defendant has been advised and understands the court shall order as a mandatory condition of supervised release, that the defendant comply with state sex offender registration requirements. The defendant also has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, he

must register and keep the registration current in each of the following jurisdictions: the location of his residence; the location of his employment; and, if he is a student, the location of his school. Registration will require that the defendant provide information that includes, name, residence address, and the names and addresses of any places at which he will be an employee or a student. The defendant understands that he must update his registration not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations may subject him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine and/or imprisonment.

## **GENERAL MATTERS**

35. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

36. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

37. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

38. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

11

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

39. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## VOLUNTARINESS OF DEFENDANT'S PLEA

40. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: July 6, 2014

PAUL D. CASE
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: July 6, 2014

ROBIN SHELLOW
Attorney for Defendant

For the United States of America:

Date: 7/7/14

JAMES L. SANTELLE
United States Attorney

Date: 7/7/14

BENJAMIN W. PROCTOR
Assistant United States Attorney

13

ATTACHMENT A

On November 24, 2012, an undercover law enforcement agent conducting investigations into the sharing of child pornography on the Ares peer-to-peer file sharing network identified a computer at IP address 174.102.233.53 with at least seven files of potential child pornography being made available to share. Between 02:11 a.m. on November 24, 2012, and 03:33 a.m. on November 25, 2012, law enforcement completed downloads of five files containing child pornography directly from the computer at IP address 174.102.233.53 through the Ares peer-to-peer network. Three of these videos are summarized as follows:

- A 29 minute, 23 second video that includes compilations of several videos depicting numerous prepubescent minor girls in various sexually explicit acts, including one involving a prepubescent minor girl lying on a bed yelling "no" while an adult male ejaculates on her; another involving a nude adolescent minor girl tied to a bench with the camera focusing on her vagina; and another depicting a prepubescent minor girl being penetrated in her vagina by an adult male's penis.
- A 33 second video depicting an adult male penetrating his penis into an adolescent child's anus.
- A 5 minute video depicting an adolescent minor girl performing oral sex on an adult male and later depicting the adolescent minor girl being penetrated in her vagina by the adult male's penis; the minor girl appears to wince in pain.

On November 29, 2012, law enforcement agents ran a domain name system check on the IP address associated with the computer under investigation and determined the IP address is registered to Time Warner Cable/Road Runner. A subpoena was issued to Time Warner Cable/RoadRunner for subscriber information. Time Warner Cable/RoadRunner responded that, as of November 15, 2012, the subscriber for the IP address was defendant Paul D. Case, XXX Kilps Ct. West, Waukesha, Wisconsin. Through physical surveillance and a public records check, agents confirmed that Mr. Case resided at XXX Kilps Ct. West, Waukesha, Wisconsin, and that no unsecured wireless connections were present at that location.

On May 2, 2013, law enforcement agents executed a search warrant at XXX Kilps Ct., West, Waukesha, Wisconsin. During the search, agents recovered, among other things, a Dell Inspiron mini, serial number FT0J4L1, containing a Samsung 160GB hard drive, model number HM160HI, serial number S14QJD0SC57127 (herein referred to as "the computer"). Law

enforcement agents conducted a forensic examination of the computer and found that the computer's operating system had been reinstalled on April 1, 2013, thus deleting files on the computer. Through the forensic examination, agents were able to recover from the computer seven video files containing child pornography, which are summarized as follows:

- A 21 minute, 24 second video depicting, among other things, a naked prepubescent minor girl with a naked adult male; the adult male rubs his erect penis against the minor girl's vagina.
- A 4 minute, 6 second video depicting, among other things, an adult male performing penis to anus intercourse with a minor boy.
- A 16 minute, 41 second video depicting, among other things, a prepubescent minor girl having oral and penis to vagina sexual intercourse with an adult male, and later the adult male inserting an object into the minor girl's anus.
- An 11 minute, 31 second video depicting, among other things, an adult male performing penis to vagina sexual intercourse with a prepubescent minor female.
- A video depicting, among other things, a minor girl masturbating and later performing oral and penis to vagina sexual intercourse with an adult male.
- A 20 minute, 6 second video depicting, among other things, a prepubescent minor girl performing oral fellatio on a dog; and later the prepubescent minor girl performing oral fellatio on an adult male while her arms and legs are bound by rope.
- An 8 minute, 39 second video depicting, among other things, an adult male performing penis to vagina sexual intercourse with a prepubescent minor girl.

In addition, law enforcement agents were able to recover from the computer remnants of the child pornography videos downloaded by law enforcement from the computer at IP address 174.102.233.53 during the online investigation of November 24-25, 2012.

Following the search, Mr. Case made a voluntary statement to law enforcement agents. Among other things, Mr. Case admitted that he had used the computer to view child pornography videos for several months prior the search of the residence, and that he knew child pornography videos were in a shared folder on the computer and available for others to download through Ares peer-to-peer network in November 2012 when agents conducted the online investigation. He further stated that he decided to delete the child pornography about a month before the search and conducted a reinstallation of the computer's operating system at that time.

The computer hard drive containing child pornography recovered from Mr. Case's residence was manufactured in Korea and therefore had travelled in interstate and foreign commerce prior to Mr. Case's possession of it.

Mr. Case was previously convicted of two felony counts of possession of child pornography, in violation of Wisconsin Statutes Section 948.12(1m), in Waukesha County Circuit Court Case No. 2005CF001001.